STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
BERNARD ROSENGARD, DEFENDANT-RESPONDENT.

Argued January 11, 1966—Decided May 23, 1966.

*Mr. Gregory J. Castano,* Assistant Prosecutor, argued the cause for appellant (*Messrs. James G. Lepis* and *John P. Keegan,* on the brief; *Mr. James A. Tumulty, Jr.,* Hudson County Prosecutor, attorney).

*Mr. James F. McGovern, Jr.,* argued the cause for respondent.

The opinion of the court was delivered

PER CURIAM. The trial court dismissed nine indictments returned by a grand jury in Hudson County, 89 *N. J. Super.* 28 (*Law Div.* 1965), and we certified the State's appeals before argument in the Appellate Division.

The motion to dismiss was "on the ground that a conflict of interest has arisen between the duties of the Office of the City Clerk and that of the Hudson County Prosecutor, and that the City Clerk of the City of Jersey City is charged with responsibility for the acts which are the subject matter of said indictments." Defendant's supporting affidavit explained that the County Prosecutor, who had tenure in the office of City Clerk of Jersey City, was on leave of absence from that office at the time when defendant, his successor as City Clerk, allegedly committed the offenses charged. The offenses all relate to defendant's performance in that office. Defendant's affidavit also showed that just before defendant was named City Clerk the Prosecutor had attempted to designate another man to hold the office during his leave of absence, see *R. S.* 40:171–117, and further recited sundry incidents over a period of many years indicating the Prosecutor disliked him.

In dismissing the indictments, the trial court expressly said it did not "make any finding that the indictments were motivated by malice or ill will," but rather proceeded on the premise that "Where a prosecutor seeks to have indicted a holder of a public office and he himself is the holder of said public office on leave of absence, these facts in themselves show a prejudice, not as a matter of fact but as a matter of law, so that the prosecutor cannot personally act under such circumstances." 89 *N. J. Super.,* at *p.* 36.

■ The issue becomes clear if we sweep to one side the sundry allegations of personal ill will which were not tried and were not adjudged. What remains as the sole basis of the trial court's decision is the naked circumstance that defendant occupied a public office to which the County Prosecutor held title and which the County Prosecutor was free to reclaim without regard to the wishes or fate of the temporary incumbent. Upon that fact alone, it cannot be said that the County Prosecutor had a private interest in prosecuting the criminal charges. That circumstance alone did not demonstrate that the Prosecutor and his staff could not handle the matter with fairness and the appearance of fairness.

■ As we have said, the untried allegations of personal animosity tend to obscure the scene. Of course, charges of that kind cannot be resolved upon *ex parte* affidavits, *State v. Manney,* 24 *N. J.* 571, 577 (1957) ; *State v. Sherry,* 46 *N. J.* 172, 175 (1965), and the trial judge disavowed doing so. In any event, we are satisfied the several incidents charged in the affidavit, even if found to be true, would not suffice to nullify the actions of the grand jury.

The trial court felt it would be appropriate for the Attorney General to handle the prosecution. We agree that in the light of the post-indictment charges made by defendant, the Prosecutor might well request the Attorney General to take over the prosecution. Before the trial court and before us, the Prosecutor, while vigorously disputing the claim that any of the alleged facts impugned the validity of the indictments, offered to turn the indictments over to the Attorney General for prosecution. *Cf. Earl v. Winne,* 14 *N. J.* 119, 134 (1953). We assume that course will be followed.

The judgments are reversed and the indictments are reinstated.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO.—6.

*For affirmance*—None.